## KING PIANO COMPANY *v.* BRANT.

[No. 9,925. Filed June 25, 1919.]

1. APPEAL.—*Term-Time Appeal.—Perfecting.—Bond.*—A term-time appeal will not be dismissed on appellee's motion on the ground that, on the overruling of appellant's motion for new trial, no time was fixed by the trial court in which to file an appeal bond, and no surety was named or indicated by the court at that time, where the record shows that, when the motion for new trial was overruled, appellant reserved an exception and prayed an appeal, which was granted, and that on a later day in the same term, the court approved and filed an appeal bond tendered by appellant. p. 644.

2. APPEAL.—*Review.—Verdict.—Conflicting Evidence.*—Where the evidence, although sharply conflicting, supports the jury's verdict, it will not be disturbed on appeal. p. 645.

From Marion Superior Court (102,074); *W. W. Thornton,* Judge.

Action by the King Piano Company against Carrie Brant. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*J. E. White* and *L. D. Claycombe,* for appellant.

*Wilson L. Doan* and *James C. Mathers,* for appellee.

McMAHAN, J.—This was an action in replevin brought by appellant to recover the possession of a

piano, alleged to be the property of appellant and unlawfully detained by appellee. There was an answer of general denial, a trial by jury, and a verdict for appellee.

Appellant filed a motion for a new trial, the only specifications not waived being that the verdict of the jury is (1) not sustained by sufficient evidence, and (2) contrary to law. The only assignment of error presenting any question for our consideration is the fourth, which is that the court erred in overruling appellant's motion for a new trial. This is a term-time appeal.

Appellee has filed a motion to dismiss the appeal, and says that, on the overruling of the motion for a new trial, no time was fixed by the trial court in which to file an appeal bond, and that no surety was named or indicated by the court at that time. The record shows that, when the motion for a new trial was overruled, the appellant reserved an exception and prayed an appeal to this court, which was granted, and that on a later day in the same term the court approved and filed an appeal bond tendered by appellant. The bond, having been approved by the court and filed at the same term at which the motion for a new trial was overruled, is sufficient.

It is claimed by appellee that the first three assignments of errors are not proper assignments and present no question for our determination, but the fourth assignment, that the court erred in overruling the motion for a new trial, is properly assigned. Appellee, however, insists that appellant, in the preparation of its brief, has failed to apply specifically the points and propositions of law to any of the alleged errors, and that the action of the court in overruling the motion for a new trial is therefore waived. While

appellant's brief may not be a model to follow, there has been a good-faith effort made to comply with the rules of this court, and to group the points and authorities bearing on the action of the court in overruling the motion for a new trial. Where this has been done, we will determine an appeal on its merits. The motion to dismiss is overruled.

The appellant contends that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that the court erred in refusing to direct a verdict for appellant.

There was a sharp conflict in the evidence. Appellee purchased the piano in controversy from appellant on a contract which provided that the title should remain in appellant until the full purchase price was paid. Appellant contended that appellee still owed a considerable part of the purchase price, while appellee contended that the purchase price had been paid in full, and that nothing was due and owing appellant. This was the only question in dispute between the parties. The evidence was conflicting on this question, and it was the province of the jury to weigh the evidence and to render such a verdict as in their judgment was proper under the evidence. There was evidence to support the verdict of the jury, and, such being the case, we cannot disturb their verdict. There is no ground for the contention that the verdict is contrary to law. The only objection which appellant actually makes is that the verdict is not supported by the evidence.

There was no error in the action of the court in refusing to direct a verdict for appellant. It would have been reversible error for the court to have done so.

Judgment affirmed.